UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

    Plaintiff,                                                                  Case No. 12-C-1183

v.

APPROXIMATELY $50,205.00 IN
UNITED STATES CURRENCY, ET AL.

    Defendants.
_____/

## CLAIMANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING MOTION TO STAY

John and Amy Wilhoite, 6 Degrees Marketing Group, and Synergy Botanicals Co., LLC ("Claimants") move for partial reconsideration of the Court's Order (Doc. 107) granting the government's Motion (Doc. 97) to stay this matter. The Order was entered before the Claimants had responded to the Motion, and before the time to do so under Eastern District of Wisconsin Local Rule 7(b) had run. As explained in the following Memorandum, it is respectfully requested that the Court reconsider the Order granting a stay, to the extent that the Court will consider lifting the stay when an order is entered on the pending matter in the Middle District of Florida in which the same constitutional issue that the Claimants have raised is being considered.

## MEMORANDUM

**I.    Background**

In this action, the government seeks to forfeit the Claimants' property, which the government has already seized. As set forth in the Affidavit attached as Exhibit A to the Third Amended Complaint, the government's theory is that the Claimants' property is forfeitable as the proceeds of controlled substances violations involving the substances UR-144 and XLR-11, which the

government alleges are controlled substance analogues. (Doc. 104 Ex. A).

On July 25, 2012 – nine months ago – the government seized the Claimants' property. Doc. 104 Ex. A ¶ 5. The seizure included virtually every tangible asset Claimants John and Amy Wilhoite own, apparently on the premise that no asset they held could have been derived from a legitimate source. The government filed a Complaint (Doc. 1) seeking forfeiture of the Claimants' property on November 20, 2012, followed by an Amended Complaint (Doc. 10), filed on December 20, 2012, and a Second Amended Complaint (Doc. 29), filed on January 11, 2013. The Claimants moved to dismiss the Second Amended Complaint on three grounds: (1) that the Second Amended Complaint failed to state a claim because it did not allege *mens rea*; (2) that the Federal Analogue Act is unconstitutionally vague as applied to the substances UR-144 and XLR-11 because a reasonable person could not have known at the time of the conduct at issue in this matter that these substances are controlled substance analogues, or that the government considered them to be controlled substance analogues; and (3) that the Second Amended Complaint lacked sufficient particularity to determine whether there is a nexus between the assets sought to be forfeited and any unlawful activity. (Doc. 62).

In response to the Claimants' motion to dismiss, the government declined to respond to the constitutional issue and moved for leave to file a Third Amended Complaint. (Doc. 99). Leave was granted (Doc. 103), and the government has now filed a Third Amended Complaint. (Doc. 104). The Claimants anticipate filing a new motion to dismiss asserting, among other grounds, the constitutional issue raised in their prior motion to dismiss.

The Claimants' first motion to dismiss attached materials from two consolidated proceedings in the Middle District of Florida in which the constitutional issue has been litigated, *In re Seizure,*

2

*Hummel v. United States*, Case No. 8:12-mj-1457TGW (M.D. Fl.), and *United States v. Fedida*, Case No. 6:12-cr-209-Orl-37DAB (M.D. Fl.). (Doc. 62 Ex. 1-5). As discussed in the motion to dismiss, a full-day evidentiary hearing was conducted in the Florida matter. The constitutional issue has been fully briefed in the Florida matter, and the Florida court has taken the matter under advisement.

**II.     The stay should remain in place only until a ruling is entered in the Florida matter.**

The government sought a stay of this matter on the grounds that proceeding with the case will interfere with the government's criminal investigation of the Claimants. (Doc. 97 at 12-14). The only explanation the government provides regarding how the progress of this case could interfere with its investigation is the contention that litigating the constitutional issue will require the government to disclose its evidence on the issue of whether UR-144 and XLR-11 are analogues of a controlled substance prematurely. (*Id.* at 15). To the contrary, because there has already been extensive litigation regarding the issues raised here, the evidence that the government is concerned with protecting is already public. The Affidavit attached to the Third Amended Complaint states that DEA Chemist Dr. Terrance Boos has concluded and testified to his opinion that UR-144 and XLR-11 are substantially similar in chemical structure to JWH-018. (Doc. 32 Ex. A ¶ 26). Dr. Boos has already testified and been cross-examined regarding this opinion in the *Hummel* matter in the Middle District of Florida.[1] The Affidavit in this matter also identifies DEA Pharmacologist

---

[1] Dr. Boos testified as well at a recent evidentiary hearing in the Eastern District of Wisconsin in *The Smoke Shop, LLC v. United States*, Case No. 12-CV-1186-RTR (E.D. Wis). That evidentiary hearing was on a motion for return of seized property on the ground that UR-144 and XLR-11 are not, as a factual matter, analogues of a controlled substance. An evidentiary hearing in that case took place on February 28, 2013, and the motion for return of property has been taken under advisement.

3

Jonathan Trecki and states that he has concluded and testified to his opinion that UR-144 and XLR-11 are substantially similar in their hallucinogenic effect on the central nervous system as JWH-018. (Doc. 32 Ex. A ¶ 27). While a different DEA Pharmacologist, Dr. Sandy Ghozland, testified on behalf of the government in the *Hummel* matter, she testified to, and was cross-examined about, the same opinion that has been attributed to Dr. Trecki in this case.[2] As a result, any evidence that would be disclosed in discovery or at an evidentiary hearing on the Claimants' constitutional argument has almost certainly already been the subject of testimony by the government's witnesses, and government witnesses have already been subjected to cross-examination regarding such testimony.

Further, because of the litigation that has already taken place regarding the issues raised in the Claimants' motion to dismiss, the Claimants do not anticipate that discovery would be required in order to prepare for a hearing on their motion to dismiss. Nor do they anticipate taking any other discovery before the motion to dismiss has been decided.

For these reasons, a stay is not necessary to protect the government's interests while its potential criminal investigation proceeds. Additionally, the requested stay prejudices the Claimants by further delaying the litigation of this matter. The Claimants' property was seized on July 25, 2012. By the time the 120-day stay that the Court has ordered expires, the Claimants will have been deprived of their property for more than a year, with no opportunity to contest the seizure or obtain the return of their property.

Nonetheless, the Claimants recognize that because the Florida court in the *Hummel* matter

---

[2]The government also listed Dr. Trecki as a witness in the *Smoke Shop* matter, and he has been deposed in that case.

4

has already held a day-long evidentiary hearing regarding the precise constitutional issue that will be presented by the Claimants' motion, and the matter is fully briefed in the Florida matter and awaiting a ruling, the interests of judicial efficiency may be furthered if the Court waits to take further action in this case until the district court in Florida has ruled. The Claimants respectfully request, however, that the Court reconsider its stay order to the extent that, if the Florida court rules in the *Hummel* matter before the stay expires, the Court will consider ending the stay.

## III. Conclusion

For these reasons, it is respectfully requested that the Court partially reconsider its Order (Doc. 107) granting the government's motion for a stay to the extent that the Court will consider ending the stay should the district court in the Middle District of Florida rule in the *Hummel* matter on the constitutional issue that is also presented in this case.

Respectfully submitted,

*/s/ James E. Felman*
James E. Felman, FB#775568
jfelman@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396
Telephone: (813) 229-1118
Facsimile: (813) 221-6750

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 26, 2013, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to:

Scott J. Campbell
Assistant U.S. Attorney
scott.campbell@usdoj.gov

/s/ *James E. Felman*
James E. Felman