UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                      Case No. 12-C-1183

APPROXIMATELY $50,205.00 IN
UNITED STATES CURRENCY, *et al.*,

        Defendants.

## UNITED STATES' STIPULATED MOTION TO EXTEND THE ORDER STAYING THIS CIVIL FORFEITURE CASE THROUGH JANUARY 31, 2014

The Plaintiff, the United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Scott J. Campbell, Assistant United States Attorney, moves this Court to extend the order staying this civil forfeiture case, under Title 18, United States Code, Section 981(g), through January 31, 2014, or, if a criminal case seeking forfeiture of any or all the defendant properties is brought against any claimant in this action on or before January 31, 2014, until that criminal case is resolved.

In support of this motion, the United States respectfully states as follows:

    1.    On April 16, 2013, the United States filed a motion to stay this civil forfeiture case. (R. 97).

    2.    On April 23, 2013, the Court entered an order staying this civil forfeiture case for a period of 120 days. (R. 107). The stay order expires on August 21, 2013.

    3.    As set forth in the Affidavit of Ann Marie Phillippi, submitted under seal pursuant to 18 U.S.C. § 981(g)(5) along with this motion, the United States Attorney's Office for the

Eastern District of Wisconsin and federal investigative agencies are continuing to conduct a criminal investigation into, among other things, whether John Wilhoite, Amy Wilhoite, 6 Degrees Marketing Group, Synergy Botanicals Co., LLC, Christopher Brett Hinton, JV Imports, LLC, J&B Packaging, LLC, Jia Zou, Hong Yong Zou, Yi Zhou, Brothers Wholesale, Alec Tundidor, Alec Nicholas Consulting, and Purity Brokers in this action (collectively, the "Targets") conspired to knowingly and intentionally manufacture and distribute, or knowingly and intentionally manufactured and distributed, controlled substance analogues of Schedule I controlled substances and products containing mixtures of controlled substance analogues of Schedule I controlled substances, in violation of 21 U.S.C. §§ 802(32), 813, 841, and 846, and engaged in money laundering offenses, in violation of 18 U.S.C. § 1956. Proceeding with discovery in this civil forfeiture case would interfere with that ongoing criminal investigation by giving the Targets the opportunity to prematurely ascertain the details of the ongoing criminal investigation and any criminal prosecution that might result from that investigation.

4. The criminal investigation is "related" to this civil forfeiture case in that both involve the same parties and a common core factual question, whether the Targets conspired to knowingly and intentionally manufacture and distribute, or knowingly and intentionally manufactured and distributed, controlled substance analogues of Schedule I controlled substances and products containing mixtures of controlled substance analogues of Schedule I controlled substances, in violation of 21 U.S.C. §§ 802(32), 813, 841, and 846, and engaged in money laundering offenses, in violation of 18 U.S.C. § 1956. *See* 18 U.S.C. § 981(g)(4) (defining "related criminal investigation"); *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) ("Where a criminal

investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related.").

5. Proceeding with discovery in this civil forfeiture case would interfere with the United States' ability to conduct that related, ongoing criminal investigation of the Targets by giving the Targets the opportunity to prematurely ascertain discovery directly related to that criminal investigation. Such discovery could potentially disclose, among other things, the direction and scope of the criminal investigation as well as the witnesses interviewed and evidence obtained to date in the course of the criminal investigation, even before any criminal charges are brought.

6. Section 981(g)(1) does not require "a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 2011 WL 5966383 at *3 (C.D. Cal. 2011). Indeed, "more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid." *Id.* Accordingly, courts have "routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of *likely* prejudice to the criminal proceeding caused by the civil discovery." *Id.* (emphasis in original).

7. It is well settled that where, as here, "civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *E.g.*, *All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d at 66 (quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F.Supp.2d 2, 4 (D. Me. 2005); *United States v. 2009 Dodge Challenger*, 2011 WL 6000790, * (D. Or. Nov. 30, 2011) (granting

3

stay on ground that civil discovery would subject government's investigation to broader and earlier discovery than would occur in the related criminal proceeding); *United States v. Real Property…10 Table Bluff Road*, 2007 WL 911849, *2 (N.D. Cal. 2007) (same).

8. A continuation of the stay would also conserve judicial resources. The United States represents that, if the Targets are charged with manufacturing and distributing controlled substances and any or all of the defendant assets were used or purchased with proceeds, the United States intends to seek forfeiture of those assets in the criminal case. The outcome of any such criminal prosecution will likely materially advance, and might moot, this civil forfeiture matter. *See United States v. $2,067,437.08 in U.S. Currency*, 2008 WL 238514, *6 (E.D. Tex. 2008) (granting stay not only because civil discovery could adversely affect prosecution of pending criminal case but also because it would be "more efficient and practical to adjudicate the alleged violation" underlying the civil forfeiture matter in the related pending criminal case). Continuing the stay of all proceedings in this case, including pretrial motion practice, for the time requested would therefore conserve judicial resources by sparing the Court and the parties from having to needlessly address discovery and pretrial motion issues in the event that the alleged violation or violations underlying this civil forfeiture matter are to be resolved in a criminal case.

9. All Claimants (John Wilhoite, Amy Wilhoite, 6 Degrees Marketing Group, Synergy Botanicals Co., LLC, Christopher Brett Hinton, JV Imports, LLC, J&B Packaging, LLC, Jia Zou, Hong Yong Zou, Yi Zhou, Brothers Wholesale, Alec Nicholas Consulting, and Purity Brokers), through their respective counsel, have stipulated to this motion to extend the order staying this civil forfeiture case through January 31, 2014.

WHEREFORE, the United States requests that the Court extend the April 23, 2013 order staying this civil forfeiture case through January 31, 2014, or, if a criminal case seeking forfeiture of any or all the defendant properties is brought against any claimant in this action on or before January 31, 2014, until that criminal case is resolved.

A proposed order is attached.

Respectfully submitted at Milwaukee, Wisconsin, this 26th day of July, 2013.

        JAMES L. SANTELLE
        United States Attorney

By:
        s/SCOTT J. CAMPBELL
        Assistant United States Attorney
        Scott J. Campbell Bar Number: 1017721
        Attorney for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        Telephone: (414) 297-1700
        Fax: (414) 297-1738
        E-Mail: scott.campbell@usdoj.gov